

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*DeNae M. Thomas*
*Assistant United States Attorney*

DMT/PL.AGR
2020R01190

970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 645-2511

September 27, 2024

Robert G. Stahl, Esq.
Stahl Gasiorowski, PC
53 Cardinal Drive, 3rd Floor
Westfield, New Jersey 07090

**RECEIVED**

JAN 2 1 2025

AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT - DNJ

Re:   Plea Agreement with Mohammed Rahman
       Criminal No. 25-42

Dear Mr. Stahl:

This letter sets forth the plea agreement between your client, Mohammed Rahman ("Rahman") and the United States Attorney for the District of New Jersey (the "Office"). This offer will expire on October 7, 2024, if it is not accepted in writing by that date. If Rahman does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of the Office's investigation.

Charge

Conditioned on the understandings specified below, the Office will accept a guilty plea from Rahman to an Information, which charges Rahman with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349.

If Rahman enters a guilty plea and is sentenced on this charge to a term of imprisonment **within the range of 27 to 33 months** and a three-year term of supervised release, and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Rahman for, from in or around January 2019 to in or around October 2020, conspiring to defraud individuals in South Korea.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Rahman even if the applicable statute of

limitations period for those charges expires after Rahman signs this agreement, and Rahman agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1349 to which Rahman agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Rahman is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Rahman ultimately will receive.

Further, in addition to imposing any other penalty on Rahman, the sentencing judge as part of the sentence:

(1)   will order Rahman to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)   must order Rahman to pay restitution pursuant to 18 U.S.C. § 3663A *et seq.*;

(3)   may order Rahman, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)   must order forfeiture, pursuant to 18 U.S.C. § 982(a)(8);

(5)   pursuant to 18 U.S.C. § 3583, may require Rahman to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Rahman be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Rahman may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without

credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, Rahman agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of the offense as follows:

| Victims | Amount |
|---|---|
| Approximately 60 Victims | $1,393,200.00[1] |

Forfeiture

As part of Rahman's acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Rahman agrees to forfeit to the United States all right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds traceable to the wire fraud offense charged in the Information. Rahman further acknowledges that the value of such property was $1,000,000; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $1,000,000 (the "Money Judgment"). Rahman consents to the entry of an order requiring him to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to Rahman prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the Treasury Suspense Account, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Rahman further agrees that upon entry of the Order, the Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

---

[1] Converted from 1,935,000,000 South Korean won on July 24, 2024 (0.00072 USD to 1 South Korean won conversion rate).

Rahman waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Rahman understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Rahman of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Rahman waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Rahman further understands that he has no right to demand that any forfeiture of his assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Rahman further agrees that, not later than the date he enters a guilty plea, he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Rahman fails to do so, or if the Office determine that he has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and the Office reserve the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

### Rights of The Office Regarding Sentencing

Except as otherwise provided in this agreement, the Office may take any position with respect to the appropriate sentence to be imposed on Rahman by the sentencing judge. The Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And the Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Rahman's activities and relevant conduct with respect to this case.

### Stipulations

The Office and Rahman will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of the Office is based on the information and evidence that the Office possess as of the date of this agreement. Thus, if the Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind the Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, the Office and Rahman waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Rahman understands that, if Rahman is not a citizen of the United States, Rahman's guilty plea to the charged offense will likely result in Rahman being subject to immigration proceedings and removed from the United States by making Rahman deportable, excludable, or inadmissible, or ending Rahman's naturalization. Rahman understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Rahman wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Rahman's removal from the United States. Rahman understands that Rahman is bound by this guilty plea regardless of any immigration consequences. Accordingly, Rahman waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Rahman also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey. Accordingly, this agreement cannot bind other federal, state, or local authorities. If requested to do so, however, the Office will bring this agreement to the attention of other prosecuting office.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Rahman. As a result, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Rahman from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

This agreement constitutes the entire plea agreement between Rahman and the Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:  DeNae M. Thomas
     Assistant U.S. Attorney

APPROVED:

Bernard J. Cooney
Chief, Health Care Fraud Unit

   I have received this letter from my attorney, Robert G. Stahl, Esq. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_M. S. Rahman_          Date: 10 3 2024
Mohammed Rahman

   I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_R. Stahl_          Date: 10/3/24
Robert G. Stahl, Esq.
Counsel for Defendant

- 7 -

<u>Plea Agreement With Mohammed Rahman ("Rahman")</u>

<u>Schedule A</u>

1.  The Office and Rahman agree to stipulate to the following facts:

    a.  Between in or around January 2019 through in or around October 2020, in the District of New Jersey and elsewhere, Rahman conspired with others to devise a scheme to obtain money by false or fraudulent pretenses, representations, or promises (the "Scheme") from individual investors in South Korea (the "Victim Investors").

    b.  As part of the Scheme, Rahman and others fraudulently induced the Victim Investors to invest a total of over $1 million with Rahman and others in exchange for the promise that: (i) the funds would be used to purchase sugar in Brazil; (ii) the sugar would be resold to Ghana ; and (iii) the Victim Investors were guaranteed a 100% return on their investment within approximately 40 days.

    c.  Rahman never used the Victim Investors' funds to purchase sugar as he and his co-conspirators promised. Instead, Rahman used the Victim Investors' money to pay for personal and other expenses.

    d.  In order to conceal that Rahman never used the $1,000,000.00 to purchase sugar from Brazil, Rahman altered his Wells Fargo bank statement to make it appear as if Rahman had used the funds to purchase sugar. Rahman then sent the fraudulent Wells Fargo bank statement to one of his co-conspirators in South Korea via text message in order to hide the fraud from the Victim Investors.

    e.  The Scheme resulted in a loss of approximately $1,393,200.00.

2.  To the extent the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3.  The parties agree that a sentence within the range of 27 to 33 months' imprisonment, followed by three years of supervised release (the "Stipulated Range") is reasonable taking into account all the factors set forth in 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Range will not bind the sentencing Court. The parties agree not to seek or argue for any sentence outside the Stipulated Range. .

4.  If the sentencing Court imposes a term of imprisonment within the Stipulated Range:

    >   a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of

imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

b. Rahman will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

c. These waiver provisions, however, do not apply to:

   i. Any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for Rahman's offense of conviction;

   ii. Any proceeding to revoke the term of supervised release;

   iii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

   iv. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

5. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the Sentencing Court. Furthermore, neither party will challenge at any time, using any means, the Sentencing Court's acceptance of a stipulated fact.